**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **IN RE:** | : | |
| **ACE LIMITED SECURITIES** | : | **05-md-1675** |
| **LITIGATION** | : | |
| | : | |

## ORDER

**AND NOW**, this 5th day of March, 2009, upon consideration of the Plaintiffs' Motion for Preliminary Approval of Settlement (Document No. 34) and after a hearing, it is **ORDERED** that the motion is **GRANTED**, and the proposed settlement is preliminarily **APPROVED**.

**IT IS FURTHER ORDERED** as follows:

1.      The class (the "Settlement Class") is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All persons who purchased or acquired shares of ACE Limited ("ACE") common stock between October 28, 2003 and October 13, 2004, inclusive and who suffered a loss thereby.  Excluded from the Settlement Class are Evan G. Greenberg, Brian Duperreault and Philip V. Bancroft, their heirs, affiliates, successors and assigns, and all current and/or former officers and directors of ACE.

2.      If the settlement is not finally approved, ACE's stipulation to certification of the Settlement Class shall be null and void *ab initio*, and may not be used or relied upon by plaintiffs or any member of the Settlement Class for any purpose, nor may the findings set forth in this Order for purposes of Settlement Class Certification be used in connection with contested class certification proceedings or for any other purpose.

3.      The Stipulation of Settlement entered into between the parties as of December 16, 2008, appears to be fair, reasonable and adequate to the Settlement Class.

4.      The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

a.      there are over ten thousand members of the Settlement Class;

b.      the claims of Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust ("Lead Plaintiffs") are typical of those of the other members of the Settlement Class;

c.      there are questions of fact and law that are common to all members of the Settlement Class; and

d.      Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Class and have retained counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the Settlement Class.

5.      This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

a.      a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

b.      questions of fact and law common to members of the Settlement Class predominate over any questions affecting only individual members.

6.      Lead Plaintiffs Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust are certified as the Class Representatives.

7.    The law firm Coughlin Stoia Geller Rudman & Robbins LLP is certified as counsel for the Settlement Class ("Class Counsel").

8.    Jeffrey Light of Coughlin Stoia Geller Rudman & Robbins LLP shall serve as the attorney to whom any objections to the settlement or the request for attorneys' fees and out-of-pocket expenses shall be mailed by Settlement Class Members, and to whom requests for exclusion from the Settlement Class shall be mailed.

9.    The court will hold a final approval hearing pursuant to Fed. R. Civ. P. 23(e) on **June 9, 2009** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, in **Courtroom 9A at 10:00 a.m.** for the following purposes:

a.    To determine finally whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

b.    To determine whether the proposed settlement is fair, reasonable and adequate;

c.    To determine whether final approval should be granted;

d.    To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

e.    To consider the application of Class Counsel for an award of attorneys' fees and out-of-pocket expenses;

f.    To consider whether the Plan of Allocation, which sets out how the Settlement Fund shall be distributed to authorized claimants after payment of expenses of notice and administration of settlement, taxes, and attorneys' fees and costs, shall be approved; and

g.    To rule upon other such matters as the Court may deem appropriate.

10.    No later than **March 16, 2009**, Lead Plaintiffs, through Gilardi & Co., LLC ("Claims Administrator"), shall provide notice to the Settlement Class by:

a.    causing a copy of the Class Notice, in the form attached to this Order, and the Proof of Claim, in the form attached as Exhibit A-2 to the Motion for Preliminary Approval of Settlement, and in accordance with the terms of this Order, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

b.    publishing the Summary Notice, substantially in the form attached as Exhibit A-3 to the Motion for Preliminary Approval of Settlement, and in accordance with the terms of this Order, in *Investor's Business Daily*; and

c.    posting the Stipulation of Settlement and its exhibits on the website: www.gilardi.com.

11.    Class counsel shall file, no later than **May 21, 2009**, proof of such mailing and publishing the notices required by paragraph 10 of this Order.

12.    This prescribed manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

13.    Each Class Member who wishes to participate in the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained in the notice.  All Proof of Claim forms must be postmarked no later than **June 16, 2009**.

14.    Any Class Member who does not timely submit a Proof of Claim within the prescribed time shall be barred from sharing in the distribution of the proceeds of the Net

Settlement Fund, unless otherwise ordered by the Court.

15.    Each Settlement Class Member shall have the right not to be included in the Settlement Class by mailing a request for exclusion to the Claims Administrator postmarked no later than **April 30, 2009**.  Requests for exclusion must set forth the Settlement Class Member's name, address, telephone number and signature, the number of shares of ACE common stock purchased or acquired between October 28, 2003 and October 13, 2004 and the dates of such purchases or acquisitions, and clearly state the person's intent to be excluded.

16.    No later than **May 21, 2009**, Class Counsel shall file with the Court and serve on counsel for ACE a list of all persons who have timely opted out of the Settlement Class. Class Counsel shall also at that time supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was not submitted on a timely basis.

17.    Each Settlement Class Member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses by filing written objections with the Court no later than **April 30, 2009**.  Copies of the objections shall be served on Class Counsel through the Class Administrator.  Failure to timely file and serve written objections will preclude a Settlement Class Member from objecting at the final approval hearing.

18.    No later than **May 29, 2009**, Class Counsel shall file with the Court and serve on counsel for ACE a copy of all objections received to the settlement.

19.    All briefs, memoranda, petitions and affidavits to be filed in support of final

approval of the settlement and for an award of attorneys' fees and out-of-pocket expenses by Class Counsel shall be filed no later than **May 29, 2009**.

20.    The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

/s/ Timothy J. Savage
TIMOTHY J. SAVAGE,  J.

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

***IF YOU PURCHASED OR ACQUIRED ACE LIMITED ("ACE") COMMON STOCK BETWEEN OCTOBER 28, 2003 AND OCTOBER 13, 2004, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Security, Class and Time Period:**  All persons who purchased or acquired shares of ACE common stock between October 28, 2003 and October 13, 2004, inclusive and who suffered a loss thereby.

**Settlement Fund:**  $1,950,000 in cash.  Your recovery will depend on the number of shares of ACE common stock you purchased and the timing of your purchases, and any sales as well as the number of claimants, and the number of shares they purchased and when those shares were purchased and sold.  If claims are submitted for 100% of the eligible shares of ACE common stock, the estimated average recovery per share of common stock will be approximately $ 0.04 before deduction of Court-approved fees and expenses and costs of notice and claims administration.

**Reasons for Settlement:**  ACE is a leading provider of insurance and reinsurance serving a variety of clients around the world.  Lead Plaintiffs, Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust, allege that during the Class Period, which is October 28, 2003 through October 13, 2004, ACE misrepresented or omitted information about contingent commission arrangements with insurance brokers, thereby injuring Lead Plaintiffs and the Class who purchased ACE's stock at artificially inflated prices and suffered damages as information about the arrangements began to be disclosed at the end of the Class Period.  The settlement provides the Class with a benefit now instead of years of uncertain litigation including a contested trial and likely appeals with the possibility of no recovery at all.

**If the Case Had Not Settled:** The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. A trial is a risky proposition and Lead Plaintiffs might not have prevailed. The claims in this case involve numerous complex legal and factual issues many of which would require expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various facts alleged by the Lead Plaintiffs influenced the trading prices of ACE common stock during the relevant period; (4) the method for determining whether the price of ACE's common stock was artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:** Lead Plaintiffs' counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Plaintiffs and the Class. Lead Plaintiffs' counsel will ask the Court for attorneys' fees in the amount of $ 495,921.75, which is 25.4% of the Settlement Fund, and expenses not to exceed $15,773.00 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.01, making the estimated recovery per share after fees and expenses $ 0.03.

**Deadlines:**

Submit Claim:           June 16, 2009

Request Exclusion:      April 30, 2009

File Objection:         April 30, 2009

**Court Hearing on Fairness of Settlement:**    June 9, 2009

**More Information:**  www.gilardi.com

**Claims Administrator:**
*ACE Securities Litigation*
Claims Administrator
c/o Gilardi & Co., LLC
P.O. Box 8040
San Rafael, CA  94912-8040

**Lead Counsel:**
Rick Nelson
Shareholder Relations
Coughlin Stoia Geller
 Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
1-800-449-4900

Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM**         The only way to receive a payment.

**OBJECT**                 You may write to the Court if you do not like this settlement.

**GO TO A HEARING**        You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**             Receive no payment.

**EXCLUDE YOURSELF**       Receive no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case.

These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement.  Payments

will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.      Why Did I Receive This Notice Package?

You or someone in your family may have purchased or acquired ACE common stock between October 28, 2003 and October 13, 2004. This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *In re ACE Limited Securities Litigation*, MDL No. 1675. The Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust who brought this action, are called Lead Plaintiffs, and the company and the individuals they sued, ACE, Evan G. Greenberg, Brian Duperreault and Philip V. Bancroft, are called the Defendants.

### 2.      What Is This Lawsuit About?

ACE is a leading provider of insurance and reinsurance serving a variety of clients around the world. Lead Plaintiffs allege that during the Class Period, ACE misrepresented or omitted information about contingent commission arrangements with insurance brokers, thereby injuring Lead Plaintiffs and the Class who purchased ACE's stock at artificially inflated prices and suffered

4

damages as information about the arrangements began to be disclosed at the end of the Class Period. Lead Plaintiffs allege that the false statements and omissions resulted in the artificial inflation of the prices of ACE's common stock between October 28, 2003 and October 13 , 2004. Defendants have denied and continue to deny those allegations and that they did anything wrong.

**3.     Why Is This a Class Action?**

In a class action, one or more people or entities called class representatives (in this case the Court-appointed Lead Plaintiffs, Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class. Judge Timothy J. Savage is in charge of this class action.

**4.     Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation. The Lead Plaintiffs and their attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

**5.     How Do I Know if I Am Part of the Settlement?**

The Class includes ***all persons who purchased or acquired ACE common stock between October 28, 2003 and October 13, 2004.***

**6.      What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a current or former officer or director of ACE, or an heir, successor, affiliate or assign of an individual defendant.  You are also not a Class Member if you timely and validly request exclusion from the Class pursuant to this Notice.If you sold ACE common stock between October 28, 2003 and October 13, 2004, that alone does not make you a Class Member.  You are a Class Member only if you purchased or acquired ACE common stock between October 28, 2003 and October 13, 2004.

**7.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Rick Nelson of Coughlin Stoia Geller Rudman & Robbins LLP at 1-800-449-4900 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

<b>THE SETTLEMENT BENEFITS — WHAT YOU GET</b>

**8.      What Does the Settlement Provide?**

Defendants have agreed to pay $1,950,000 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing the newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in and the number of shares of ACE common stock you purchased during the

6

relevant period and when you bought and sold them.  A claim will be calculated as follows:

The allocation below is based on the following price decline and the statutory PSLRA 90 day look

back amount of $39.73:

| | |
|---|---|
| October 13, 2004 Closing Price: | $40.31 |
| October 14, 2004 Closing Price: | $36.47 |
| October 14, 2004 Price Decline: | $ 3.84 |

Proposed Allocation

For shares of Ace common stock **purchased or acquired, on or between October 28, 2003**

**through October 13, 2004**, the claim per share shall be as follows:

a)      If sold prior to October 14, 2004, the claim per share is zero.

b)      If retained at the end of October 13, 2004, and sold before January 12, 2005, the claim

per share shall be the lesser of: (i) $3.84, (ii) the difference between the purchase price per share and

the sales price per share, or (iii) the difference between the purchase price per share and the average

closing price per share up to the date of sale as set forth in the table below.

c)      If retained or sold, on or after January 12, 2005, the claim per share shall be the lesser

of: (i) $3.84, or (ii) the difference between the purchase price per share and $39.73 per share.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 10/14/2004 | $36.47 | $36.47 |
| 10/15/2004 | $34.98 | $35.73 |
| 10/18/2004 | $35.38 | $35.61 |
| 10/19/2004 | $33.15 | $35.00 |
| 10/20/2004 | $34.00 | $34.80 |
| 10/21/2004 | $34.01 | $34.67 |
| 10/22/2004 | $34.55 | $34.65 |
| 10/25/2004 | $34.79 | $34.67 |
| 10/26/2004 | $37.18 | $34.95 |
| 10/27/2004 | $37.10 | $35.16 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 10/28/2004 | $37.98 | $35.42 |
| 10/29/2004 | $38.06 | $35.64 |
| 11/1/2004 | $38.28 | $35.84 |
| 11/2/2004 | $37.95 | $35.99 |
| 11/3/2004 | $38.50 | $36.16 |
| 11/4/2004 | $39.02 | $36.34 |
| 11/5/2004 | $39.09 | $36.50 |
| 11/8/2004 | $39.24 | $36.65 |
| 11/9/2004 | $39.39 | $36.80 |
| 11/10/2004 | $39.15 | $36.91 |
| 11/11/2004 | $39.39 | $37.03 |
| 11/12/2004 | $39.20 | $37.13 |
| 11/15/2004 | $39.29 | $37.22 |
| 11/16/2004 | $38.72 | $37.29 |
| 11/17/2004 | $38.70 | $37.34 |
| 11/18/2004 | $38.94 | $37.40 |
| 11/19/2004 | $38.99 | $37.46 |
| 11/22/2004 | $39.44 | $37.53 |
| 11/23/2004 | $39.61 | $37.61 |
| 11/24/2004 | $40.20 | $37.69 |
| 11/26/2004 | $40.18 | $37.77 |
| 11/29/2004 | $40.40 | $37.85 |
| 11/30/2004 | $40.42 | $37.93 |
| 12/1/2004 | $41.01 | $38.02 |
| 12/2/2004 | $41.20 | $38.11 |
| 12/3/2004 | $41.04 | $38.19 |
| 12/6/2004 | $40.74 | $38.26 |
| 12/7/2004 | $40.07 | $38.31 |
| 12/8/2004 | $39.79 | $38.35 |
| 12/9/2004 | $40.44 | $38.40 |
| 12/10/2004 | $40.61 | $38.45 |
| 12/13/2004 | $41.20 | $38.52 |
| 12/14/2004 | $42.08 | $38.60 |
| 12/15/2004 | $41.80 | $38.68 |
| 12/16/2004 | $41.70 | $38.74 |
| 12/17/2004 | $42.45 | $38.82 |
| 12/20/2004 | $42.20 | $38.90 |
| 12/21/2004 | $41.97 | $38.96 |
| 12/22/2004 | $42.50 | $39.03 |
| 12/23/2004 | $42.15 | $39.09 |
| 12/27/2004 | $41.89 | $39.15 |

8

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 12/28/2004 | $42.56 | $39.21 |
| 12/29/2004 | $42.31 | $39.27 |
| 12/30/2004 | $42.63 | $39.34 |
| 12/31/2004 | $42.75 | $39.40 |
| 1/3/2005 | $42.33 | $39.45 |
| 1/4/2005 | $42.22 | $39.50 |
| 1/5/2005 | $42.19 | $39.54 |
| 1/6/2005 | $42.66 | $39.60 |
| 1/7/2005 | $42.50 | $39.65 |
| 1/10/2005 | $42.18 | $39.69 |
| 1/11/2005 | $42.54 | $39.73 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. For Class Members who held ACE common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of common stock during the Class Period will be matched, in chronological order, first against common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in ACE common stock during the Class Period are subtracted from all losses.

9

**HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM**

**10.     How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than June 16, 2009.

**11.     When Will I Receive My Payment?**

The Court will hold a hearing on June 9, 2009, to decide whether to approve the settlement. If Judge Savage approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Please be patient.

**12.     What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.     How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re ACE Limited Securities Litigation*, MDL No. 1675. You must include your name, address, telephone number, your signature, and the number of shares of ACE common stock you purchased or acquired between October 28, 2003 and October 13, 2004, and the dates of such purchases or acquisitions. You must mail your exclusion request postmarked no later than April 30, 2009 to:

> *ACE Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is April 30, 2009.

**15.     If I Exclude Myself, Can I Receive Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the

Defendants.

## THE LAWYERS REPRESENTING YOU

### 16.     Do I Have a Lawyer in This Case?

The Court appointed the law firm of Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Class Members.  This firm is called the Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees in the amount of $ 495,921.75, which is 25.4 % of the Settlement Fund and for expenses up to $ 15,773, which were advanced in connection with the litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class since the case began in 2004.  To date, Lead Counsel have not been paid for their services in conducting this litigation on behalf of the Lead Plaintiffs and the Class, nor for their expenses.  The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**18.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *In re ACE Limited Securities Litigation*, MDL No. 1675. Be sure to include your name, address, telephone number, your signature, the number of shares of ACE common stock purchased and/or acquired between October 28, 2003 and October 13, 2004, and the reasons you object. Any objection must be mailed or delivered such that it is received by *each* of the following no later than April 30, 2009:

> *Court:*
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF PENNSYLVANIA
> James A. Byrne Federal Courthouse
> 601 Market Street
> Philadelphia, PA  19106
>
> *Lead Counsel for Plaintiffs:*
> Jeffrey D. Light
> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for ACE:*
> Neal S. Manne
> SUSMAN GODREY L.L.P.
> 1000 Louisiana Street, Suite 5100
> Houston, TX  77002-5096

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not

want to be part of the Class.  If you exclude yourself, you have no basis to object because the case
no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend
and you may ask to speak, but you do not have to.

**20.    When and Where Will the Court Decide Whether to Approve the
        Settlement?**

The Court will hold a fairness hearing at 10:00 a.m on June 9, 2009, at the James A. Byrne
Federal Courthouse, 601 Market Street, Philadelphia, PA 19106.  At this hearing the Court will
consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court
will consider them.  Judge Savage will listen to people who have asked to speak at the hearing.  The
Court will also consider how much to pay to Lead Counsel and whether the plan of Allocation is fair,
reasonable and adequate.  The Court may decide these issues at the hearing or take them under
consideration.  We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions Judge Savage may have.  But, you are welcome to
come at your own expense.  If you send an objection, you do not have to come to Court to talk about
it.  As long as you mailed your written objection on time, the Court will consider it.  You may also
pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must
send a letter saying that it is your intention to appear in *In re ACE Limited Securities Litigation*,
MDL No. 1675.  Be sure to include your name, address, telephone number, your signature, and the

number of shares of ACE common stock purchased or acquired between October 28, 2003 and October 13, 2004. Your notice of intention to appear must be received no later than June 1, 2009, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing at All?

If you do nothing, you will be a Class Member, but you will not receive any money from this settlement because it is necessary to submit a claim form. However, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the Released Claims in this case.

## GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated as of December 16, 2008. You can obtain a copy of the Stipulation of Settlement by contacting Rick Nelson, c/o Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, from the Clerk's office at the United States District Court Eastern District of Pennsylvania, James A. Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106 during regular business hours, or by going to www.gilardi.com.

### 25.    How Do I Get More Information?

You can call 1-800-449-4900 or write to Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the following website: www.gilardi.com.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any ACE common stock purchased or acquired between October 28, 2003 and October 13, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *ACE Limited  Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co., LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.


DATED: March 5, 2009                    BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF PENNSYLVANIA

16