IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: :
ACE LIMITED SECURITIES : 05-md-1675
LITIGATION : (MDL No. 1675)
:

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

**AND NOW**, this 10th day of June, 2009, upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Award of Attorneys' Fees and Expenses (Document No. 43) and after hearings on March 5, 2009 and June 9, 2009, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On March 5, 2009, the proposed settlement was preliminarily approved.

2. The Settlement Class as defined in the Order of March 5, 2009, includes all persons who purchased or acquired shares of ACE Limited ("ACE") common stock between October 28, 2003 and October 13, 2004, inclusive and who suffered a loss. Excluded from the Settlement Class are Evan G. Greenberg, Brian Duperreault and Philip V. Bancroft, their heirs, affiliates, successors and assigns, and all current and/or former officers and directors of ACE. Also excluded from the Settlement Class are EWT, LLC; Paula Mitchell; Mary L. Pomerico; The Deyoe Family Trust; and the Norma J. Groom Living Trust, who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. Lead Plaintiffs Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust are the approved Class Representatives.

4. The law firm Coughlin Stoia Geller Rudman & Robbins LLP has acted as Class Counsel.

5. Jeffrey Light of Coughlin Stoia Geller Rudman & Robbins LLP was designated as the attorney to whom any objections to the settlement or the request for attorneys' fees and out-of-pocket expenses made by Settlement Class Members were to be directed.

6. Notice of the proposed settlement was provided to Class Members in compliance with the March 9, 2009 Order.

7. Notice of the June 9, 2009 hearing was given to all Class Members for the specific purposes of determining: (i) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (ii) whether the settlement of this action on the terms and conditions set forth in the Stipulation of Settlement Agreement entered into between the parties on December 16, 2008 ("Stipulation of Settlement"), should be finally approved as fair, reasonable and adequate; (iii) whether the Plan of Allocation, which sets out how the Settlement Fund shall be distributed to authorized claimants after payment of expenses of notice and administration of settlement, taxes, and attorneys' fees and costs, shall be approved; (iv) the amount of attorneys' fees and expenses to award to Class Counsel; and (v) whether a final order and judgment should be entered dismissing the claims of the Settlement Class with prejudice.

8. There are more than 78,000 potential members of the Class.

9. Class Members were given the option of excluding themselves from the class

by submitting a notice requesting exclusion to Gilardi & Co., LLC ("Claims Administrator") no later than April 30, 2009.

10. EWT, LLC; Paula Mitchell; Mary L. Pomerico; The Deyoe Family Trust; and the Norma J. Groom Living Trust, have timely opted out from participation in this Class.

11. The deadline for serving written objections to the settlement or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses was April 30, 2009.

12. Only one person, Bryan Doyle, has timely objected to the proposed settlement and the award of attorneys' fees and expenses.

13. Extensive investigation, drafting of complex pleadings, litigation of a motion to dismiss the consolidated complaint that implicated contested issues of securities fraud law, and settlement negotiations have taken place at substantial expense to the parties.

14. If this settlement is not approved, there is the probability of expensive and multiple future litigation.

15. On June 9, 2009, a final approval hearing was held pursuant to Fed. R. Civ. P. 23(e).

16. Neither Class Members, persons who excluded themselves from the Class, objectors to the settlement, nor their attorneys or representatives, attended the final approval hearing.

**The Settlement**

17. The settlement terms were reached after Class Counsel: (a) conducted a substantial investigation of the defendants' practices, including analysis of ACE's Securities and Exchange Commission ("SEC") filings, financial statements, press releases, securities

firms' analysts' reports, and documents produced by ACE, other insurers and insurance brokers; (b) filed a consolidated complaint combining four putative class action securities fraud complaints brought on behalf of purchasers of ACE common stock previously filed in different federal courts[1] after being appointed Lead Counsel of Lead Plaintiffs Sheet Metal Workers' National Pension Fund and Alaska Ironworkers Pension Trust; (c) vigorously opposed the defendants' motion to dismiss the consolidated complaint, including extensive briefing, and participation in oral argument before the Court on behalf of Lead Plaintiffs; and (d) engaged in settlement negotiations. All of these actions resulted in an understanding of the strengths and weaknesses of the Class claims and the defendants' potential defenses, enabling counsel to make an informed decision that the proposed settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class.

18. Settlement negotiations took place over several weeks in arms' length discussions.

19. The Stipulation of Settlement, which was entered into by the parties on December 16, 2008, was the product of careful and informed analysis by all parties.

20. The parties have been and are represented by counsel experienced in class actions, complex commercial matters and consumer litigation in the federal courts.

---

[1] Specifically, the four original complaints were: *Friends of Ariel Center for Policy Research v. ACE Limited, et al.* (E.D. Pa. Civ. A. No. 04-4907), filed October 19, 2004; *John Mahaney, Jr. and Alaska Ironworkers Pension Trust v. Ace Limited, et al.* (S.D.N.Y. No. 04-7696), filed Oct. 18, 2004; *Steven Burda v. Ace Limited, et al.* (S.D.N.Y. No. 04-8335), filed Oct. 21, 2004; and *Thomas E. Barton v. Ace Limited, et al.* (S.D.N.Y. No. 04-8683), filed Nov. 1, 2004. On May 4, 2005, the Judicial Panel on Multidistrict Litigation ordered that the three actions from the United States District Court for the Southern District of New York be transferred to this Court and consolidated with the *Friends of Ariel Center* action pending here for coordination of pretrial proceedings under the caption *In re ACE Limited Securities Litigation*, MDL 05-1675. The Eastern District of Pennsylvania case numbers assigned to the New York cases were: *Mahaney*, E.D. Pa. Civ. A. No. 05-2306; *Burda*, E.D. Pa. Civ. A. No. 05-2307; and *Barton*, E.D. Pa. Civ. A. No. 05-2308.

21. The defendants have challenged the claims on legal grounds which raise a potential finding of no liability.

22. The parties genuinely believe there are inherent risks in proceeding to trial.

23. Settlement at this stage of the litigation will avoid delay in realizing a benefit for the affected Class Members, will avoid unnecessary litigation costs and will eliminate uncertainty.

24. The insignificant number of objections and the small number of persons opting out of the settlement demonstrates support for the approval of this settlement as fair and reasonable.

25. The settlement provides significant relief which directly responds to the alleged challenged conduct and provides relief to a large group of people with modest individual claims who, as a practical matter, could not seek redress on an individual basis.

26. The settlement does not grant preferential treatment to the Class Representatives or segments of the Class.

27. The sole objection to the proposed settlement submitted by a Class Member is premised on that individual's belief that ACE did not engage in any improper conduct with respect to contingent commission arrangements because such practices were generally accepted in the industry by all participants, and that ACE's common stock prices later recovered. The objection does not address the arguments Class Counsel made in their responses to the motion to dismiss, which disputed the propriety of ACE's contingent commission arrangements and explained how ACE's stock, though it later recovered, still lost value. Nor does the objector address the allegations against ACE regarding its participation in bid-rigging schemes.

## Plan of Allocation

28. ACE will pay $1,950,000.00 into a Settlement Fund.

29. Under the Stipulation of Settlement, the Settlement Fund is to be used to pay the costs and expenses reasonably incurred in connection with locating Class Members; providing notice to Class Members; administering and distributing net Settlement Fund proceeds to authorized claimants, taxes; and Class Counsel's attorneys' fees and expenses. The balance of the Settlement Fund ("Net Settlement Fund") is to be distributed to authorized claimants.

30. Class Counsel discussed theories of liability and damages with damages consultants, who used this information as well as their expertise in economics to calculate a method to fairly distribute the Net Settlement Fund among the Class Members.

31. Pursuant to the Plan of Allocation, which resulted from the consultation, the Net Settlement Fund shall be distributed to authorized claimants who submit proper proof of claim forms.

32. Six months from the date of distribution of the Net Settlement Fund, any balance remaining in the Net Settlement Fund shall be donated to Philadelphia Legal Assistance, 42 South 15th Street, Suite 500, Philadelphia, Pennsylvania 19102.

33. Under the Plan of Allocation, Class Members who suffered an actual economic loss due to the alleged fraud will receive a portion of the Settlement Fund.

34. Notice of the Plan of Allocation was provided to the Settlement Class in the Notice of Pendency and Proposed Settlement of Class Action.

## Class Counsel's Request for Attorneys' Fees and Expenses

35. Class Counsel undertook prosecution of this matter on a contingent basis and

incurred expenses in its prosecution.

36. Class Counsel has applied for an attorneys' fees award in the amount of $495,921.75, which is 25.4% of the Settlement Fund, and for payment of out-of-pocket expenses in the amount of $15,773.00, plus interest on both amounts at the same rate as earned on the Settlement Fund.

37. Class Counsel's intention to apply for an attorneys' fees and expenses award in the amounts set forth above was provided to all Class Members in the Notice of Pendency and Proposed Settlement of Class Action.

38. The requested fee represents Class Counsel's lodestar based on the 1,176.55 hours spent prosecuting this case. The amounts were calculated by multiplying the number of hours spent on the case by each attorney's or paraprofessional's hourly rate at the time the Stipulation of Settlement was executed.

39. Only one person, Bryan Doyle, has timely objected to the request for award of attorneys' fees and expenses.

40. The sole objection to the proposed award of attorneys' fees and expenses submitted by a Class Member is premised on that individual's belief that ACE did not engage in any improper conduct and that the lawsuit is frivolous. On that basis, he objects to any attorneys' fees or expenses being awarded.

41. The Class Representatives, who are institutional investors with a significant stake in the outcome of the case, approve of Class Counsel's request for attorneys' fees and expenses.

42. The defendants do not oppose Class Counsel's request for attorneys' fees and expenses.

43. Extensive investigation, drafting of complex pleadings, litigation of a motion to dismiss the consolidated complaint, and settlement negotiations have taken place at substantial expense to the parties.

44. The counsel fees requested are reasonable, and the out-of-pocket expenses incurred were reasonable and necessary.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement

1. The settlement of a class action requires the approval of the Court after notice to all members of the class. See Fed. R. Civ. P. 23(e).

2. The settlement comports with Rules 23(a) and 23(b)(3) in all respects.

3. Settlement approval is within the Court's discretion and should be exercised in light of the general judicial policy favoring settlement.

4. The nine factors to be considered in assessing the fairness of a class action settlement are: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534-35 (3d Cir. 2004) (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001).

5.  The Court has considered these factors and finds that settlement is fair, reasonable and adequate.

### Approval of the Plan of Allocation

6.  Approval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review as are applicable to approval of the settlement as a whole. The plan must be fair, reasonable and adequate. *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 463 (E.D. Pa. 2008) (quoting *In re Ikon Office Solutions*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)).

7.  The Court's principal obligation is to ensure that the fund distribution is fair and reasonable to all participants in the fund. In general, a plan that reimburses class members based on the nature and extent of their injuries is considered reasonable. *Mehling*, 248 F.R.D. at 463 (quoting *In re Ikon*, 194 F.R.D. at 184).

8.  The formula for the calculation of the claims of authorized claimants in the Plan of Allocation is fair, reasonable and adequate.

### Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses

9.  An award for attorneys' fees and expenses in the settlement of a class action lawsuit requires the approval of the Court after notice to all class members in a reasonable manner. See Fed. R. Civ. P. 23(h).

10. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to all persons in the class in a reasonable manner and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).

11. Attorneys who create a settlement fund of benefits for class members by virtue of their efforts are entitled to be compensated for their services from that fund. *See*

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

12. In evaluating a counsel fee request, the following factors should be considered: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) the awards in similar cases. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 194-95 (3d Cir. 2000).

13. Of the two methods to analyze fee requests in class actions - the lodestar method and the percentage of recovery method - the percentage of recovery method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (quoting *In re Prudential Ins. Co. America Sales Practices Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998)). The lodestar method can be used as a cross-check to verify that the fee award is not excessive. *See Rite Aid*, 396 F.3d at 305.

14. Applying both the lodestar and percentage of recovery methods, and in consideration of the seven factors set forth in *Gunter*, Class Counsel's requests for an attorneys' fees award and out-of-pocket expenses award are fair and reasonable.

_____
TIMOTHY J. SAVAGE, J.